**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

**MICHAEL JONES, 18-A-1781,**

                                                            **20-CV-1682V(Sr)**

                              **Plaintiff,**

**v.**

**CORRECTION OFFICER**
**SHAWN HYLAND, et al.,**

                              **Defendants.**
_____

## DECISION AND ORDER

        This case was referred to the undersigned by the Hon. Lawrence J.

Vilardo, for all pretrial matters.  Dkt. #54.


        Plaintiff, Michael Jones, commenced this action, _pro se_, seeking relief

under 42 U.S.C. § 1983, claiming violations of his rights under the First, Eighth, and

Fourteenth Amendments to the United States' Constitution during his incarceration at

the Wende Correctional Facility. Dkt. #25. Specifically, plaintiff alleges mail

interference; retaliation; denial of adequate medical care; inadequate conditions of

confinement; failure to protect; sexual abuse; denial of due process in disciplinary

hearings; and racial and religious discrimination. Dkt. ##10; 14 & 35.


        A Case Management Order was entered on December 12, 2023 following

a preliminary pretrial conference with the parties by telephone. Dkt. ##49 & 50.

On March 20, 2024, defendants served plaintiff with Interrogatories and Request for Production of Documents seeking the following information: (1) prior convictions; (2) injuries for which plaintiff sought damages in this action; (3) whether plaintiff sought damages for emotional distress; (4) documents relating to his claims and damages; (5) identification of any individuals with whom plaintiff has discussed this action; and (6) whether plaintiff claims permanent physical disability as a result of the events alleged in this action. Dkt. #54. Defendants noticed plaintiff's deposition for April 30, 2024. Dkt. #55. By letter dated April 24, 2024, the Assistant Attorney General requested responses to their discovery demands no later than May 1, 2024 so as to avoid unnecessary judicial intervention, and advised plaintiff that the deposition would be rescheduled upon receipt of plaintiff's discovery responses. Dkt. #68-1, p.5.

Plaintiff moved for appointment of counsel asserting that because he is in protective custody and unable to access the law library, he is unable to respond to defendants' discovery demands. Dkt. #56.  Because plaintiff had not responded to their discovery demands, defendants moved for an extension of the Case Management Order. Dkt. #57. On May 7, 2024, the Court denied plaintiff's motion for appointment of counsel, noting that plaintiff has demonstrated the ability to clearly communicate the factual basis of his claims to the Court, which is all that is required to respond to defendants' discovery demands. Dkt. #59. The Court directed plaintiff to respond to defendants' Interrogatories and  Request for Production of Documents no later than June 7, 2024. Dkt. #60. Defendants noticed plaintiff's virtual deposition for June 25, 2024. Dkt. #63.

By letter dated June 12, 2024, the Assistant Attorney General requested responses to defendants' discovery demands as soon as possible so as to avoid unnecessary judicial intervention. Dkt. #68-1, p.7. On the same date, defendants moved for an extension of the Case Management Order upon the declaration of the Assistant Attorney General that, *inter alia*, plaintiff had failed to respond to defendants' discovery demands as directed by the Court. Dkt. #64-1. The Court granted the motion (Dkt. #65), and defendants noticed plaintiff's virtual deposition for July 3, 2024. Dkt. #66.

By letter dated June 24, 2024, the Assistant Attorney General requested responses to defendants' discovery demands no later than June 28, 2024 so as to avoid unnecessary judicial intervention. Dkt. #68-1, p.9.

On July 3, 2024, defendants moved to compel Dkt. #68. The Court directed plaintiff to respond to defendants' discovery demands, or inform the Court of his objections thereto, no later than July 30, 2024. Dkt. #69.

By letter received on July 10, 2024, plaintiff informed the Court that he had received 11 pieces of mail from the Court all in one day, suggesting that NYSDOCCS' employees were tampering with his mail. Dkt. #70. He also alleged that he was being denied access to the law library and legal assistance. Dkt. #70. Plaintiff requested that defendants provide a copy of the discovery demands and afford him an extension of time to respond, asserting that he would "answer all interrogatories if given the chance." Dkt. #71.

By letter dated July 22, 2024, plaintiff apologized for the delay, explaining that he had not received his legal mail in a timely fashion and had no access to the law library or Prisoners' Legal Services. Dkt. #72. The 56-page document submitted by plaintiff, titled "Motion to continue, objection to dismissal, motion for summary judgment," objects to the Court's prior determinations that certain claims did not survive screening pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, and attaches documents which do not appear related to the claims that were allowed to proceed in this action. Dkt. #72. Plaintiff did not respond to defendants discovery demands.

On August 23, 2024, plaintiff advised the Court that he had "met all deadlines and responded to the defendants discovery deposition [sic] in the last week of July." Dkt. #73. Plaintiff also indicated that he had filed a motion for summary judgment and a motion objecting to dismissal of some of his claims. Dkt. #73.

On September 13, 2024, the Assistant Attorney General filed a declaration that defendants "have not received any documents and/or correspondence from the plaintiff responsive to their demands, nor has [p]laintiff filed any such responses with the court." Dkt. #75.

On September 16, 2024, plaintiff informed the Court that:

Each time I have evidence or receipts that can help prove my case . . . Corrections Officers destroy my property, send me to the SHU . . . and put me on draft to a new facility. I just went through hell in Elmira C.F. They tampered with my legal mail, gave me all my legal mail extremely late and destroyed my property. Each time I had a

-4-

> legal call they denied it. Now I'm in a new facility and all of my
> property is missing. All of the discovery paper work is gone.

Dkt. #76. Plaintiff renews his motion for appointment of counsel, arguing that his

property has been destroyed and that if the Court had given him a lawyer when he

asked previously, his paper work would be safe with that lawyer. Dkt. #77.

Setting aside the fact that plaintiff appears to have had access to his

personal property as of July 22, 2024, when he submitted documents to object to

claims that were not permitted to proceed, which the Court notes was more than four

months after service of defendants' discovery demands, the Court determines that

plaintiff has not established that appointment of counsel is warranted under the factors

set forth in *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997), and *Cooper v. A.*

*Sargenti Co., Inc*. 877 F.2d 170, 172 (2d Cir. 1989). As set forth in the Court's prior

decision, plaintiff has demonstrated his ability to clearly communicate the factual basis

of his claims to the Court, which is all that is required to respond to defendants'

interrogatories. Moreover, this matter remains in its early stages, making it difficult to

assess the merits of plaintiff's claim or the public benefit which could be achieved by

the appointment of counsel. Accordingly, plaintiff's motion to appoint counsel (Dkt. #77),

is denied without prejudice.

The Assistant Attorney General shall direct an employee at the

correctional facility where plaintiff is currently housed to hand deliver to plaintiff a copy

of this Order as well as the following documents:

Complaint (Dkt. #1);

Order dated May 12, 2021 (Dkt. #10);

Amended Complaint (Dkt. #13);

Order dated September 20, 2021 (Dkt. #14);

First Motion to Amend (Dkt. #21);

Second Amended Complaint (Dkt. #25);

Third Motion to Amend (Dkt. #34);

Order dated July 5, 2022 (Dkt. #35); and

Defendants' Interrogatories and Request for Production of Documents, along with an authorization for disclosure of both physical and mental health records (Dkt. #54),

and file an affidavit of service from such employee with the Court no later than **October 15, 2024.**

Defendants' motion to compel (Dkt. #68), is granted. Plaintiff shall respond to defendants' discovery demands no later than **October 31, 2024.** Plaintiff is advised that he is not expected to provide documents that are not in his possession, but is required to advise defendants of any documents that could support his allegations and to detail his claims and injuries as requested in defendants' discovery demands.

Plaintiff shall appear for deposition, by video or telephone, no later than **December 13, 2024.**

Plaintiff is advised that his claims cannot move forward until he responds to defendants' discovery demands and appears for deposition and is forewarned that his failure to respond to defendants' Interrogatories and Request for Production of Documents or to appear for deposition may result in dismissal of this action with prejudice pursuant to Fed.R.Civ.P. 41(b).

Dispositive motions shall be filed no later than **February 28, 2025.**

The parties are advised that there will be no further extensions of this Case Management Order absent demonstration of exceptional circumstances.

**SO ORDERED.**

DATED:        Buffalo, New York
              October 8, 2024

*s/ H. Kenneth Schroeder, Jr.*
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**