UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

MICHAEL JONES, 18-A-1781,

                                                                                                      20-CV-1682V(Sr)

            **Plaintiff,**

v.

**CORRECTION OFFICER
SHAWN HYLAND, et al.,**

            **Defendants.**

_____

## DECISION AND ORDER

This case was referred to the undersigned by the Hon. Lawrence J. Vilardo, for all pretrial matters. Dkt. #54.

Plaintiff, Michael Jones, commenced this action, *pro se*, seeking relief under 42 U.S.C. § 1983, claiming violations of his rights under the First, Eighth, and Fourteenth Amendments to the United States' Constitution during his incarceration at the Wende Correctional Facility. Dkt. #25. Specifically, plaintiff alleges mail interference; retaliation; denial of adequate medical care; inadequate conditions of confinement; failure to protect; sexual abuse; denial of due process in disciplinary hearings; and racial and religious discrimination. Dkt. ##10; 14 & 35.

Currently before the Court is plaintiff's letter request to be able to depose and question each defendant and for appointment of counsel to assist him. Dkt. #88.

There is no constitutional right to appointed counsel in civil cases. However, under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants. *See, e.g.*, *Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988). Assignment of counsel in this matter is clearly within the judge's discretion. *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984). The factors to be considered in deciding whether or not to assign counsel include the following:

(1) Whether the indigent's claims seem likely to be of substance;

(2) Whether the indigent is able to investigate the crucial facts concerning his claim;

(3) Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;

(4) Whether the legal issues involved are complex; and

(5) Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).

The Court must consider the issue of appointment carefully, of course, because "volunteer lawyer time is a precious commodity." *Cooper v. A. Sargenti Co. Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). Therefore, the Court must not allocate *pro bono* resources "arbitrarily, or on the basis of the aggressiveness and tenacity of the claimant," but should instead distribute this resource "with reference to public benefit." *Id.* Moreover, the Court must consider to the "likelihood of merit" of the underlying dispute, *Hendricks*, 114 F.3d at 392; *Cooper*, 877 F.2d at 174, and "even though a

claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and his chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

As set forth in prior Orders (Dkt. ##12, 59 & 78), this action is in its early stages, making it difficult to assess the merits of plaintiff's claim or the public benefit which could be achieved by the appointment of counsel. Moreover, plaintiff has demonstrated a capacity to clearly communicate the factual basis of his claims to the Court. Dkt. ##1, 13, 21, 35, 45. Accordingly, plaintiff has not established that the appointment of counsel is warranted at this time under the factors set forth above. It is the plaintiff's responsibility to retain an attorney or press forward with this lawsuit *pro se*. 28 U.S.C. § 1654.

**SO ORDERED.**

DATED:   Buffalo, New York
February 18, 2024

                                        *s/ H. Kenneth Schroeder, Jr.*
                                        **H. KENNETH SCHROEDER, JR.**
                                        **United States Magistrate Judge**